## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| KENNETH CLARK, | ) |
| Petitioner, | ) |
| v. | ) Case No. 13-cv-1026 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). Respondent filed a Response (Doc. 5), and Petitioner filed a Reply (Doc. 6). For the reasons stated below, Petitioner's § 2255 Motion is denied.

Petitioner also requested an evidentiary hearing on his claim. (Doc. 1 at 27). While the Court should hold an evidentiary hearing if Petitioner "alleges facts that, if proven, would entitle him to relief," Petitioner has failed to meet this burden here. *See Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). Accordingly, because the factual issues relevant to Petitioner's claims in this action can be resolved on the record, an evidentiary hearing is not required. *Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992) ("No hearing is required in a section 2255 proceeding . . . if the factual matters raised by the motion may be resolved on the record before the district court."). Thus, Petitioner's request for evidentiary hearing is also denied.

## BACKGROUND

In January 2010, after a jury trial in this Court, Petitioner was convicted of possession of fifty grams or more of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). *See Judgment, United States v. Clark*, No. 09-cr-10067 (C.D. Ill. Jan. 7, 2010), ECF No. 85. Petitioner filed an appeal, but the Seventh Circuit affirmed the judgment. *United States v. Clark*, 657 F.3d 578, 586 (7th Cir. 2011).

The general minimum statutory sentence for a defendant who violates 21 U.S.C. § 841(b)(1)(A) begins at ten years of imprisonment with five years of supervised release, but the statute increases this minimum to at least twenty years of imprisonment with ten years of supervised release if the defendant has a prior felony drug conviction. *See* 21 U.S.C. § 841(b)(1)(A). In 1990, Petitioner pleaded guilty to possession of a controlled substance in violation of 720 Ill. Comp. Stat. 570/402, and the Illinois state court sentenced him to 30 months' probation pursuant to a first-time offender statute, 720 Ill. Comp. Stat. 570/410.[1] (Doc. 1 at 16). Petitioner successfully completed his probation for this offense in 1993.

In the instant case, the government gave notice of its intent to seek an enhancement of Petitioner's sentence based on the prior state felony drug conviction pursuant to 21 U.S.C. § 851. *See Notice of Intent to Use Evidence of Prior Conviction, United States v. Clark*, No. 09-cr-10067 (C.D. Ill. July 7, 2009). After the jury's guilty verdict, the government included this prior conviction in its

---

[1] 720 Ill. Comp. Stat. 570/402 and 720 Ill. Comp. Stat. 570/410 were formerly cited as Ill. Stat. Ch. 56 1/2 ¶ 1402 and Ill. Stat. Ch. 56 1/2 ¶ 1410, respectively. Although the citations to the statutes have changed, the relevant provisions have not, unless noted otherwise.

2

presentence investigation report; Petitioner responded to the presentence investigation report with a number of objections, but did not object to or deny the conviction at issue. *See Defendant's Objections to the Presentence Investigation Report, United States v. Clark*, No. 09-cr-10067 (C.D. Ill. Mar. 30 2010), ECF No. 76. The Court then sentenced Petitioner with the enhanced minimum statutory term of twenty years of imprisonment with ten years of supervised release. *See Judgment, United States v. Clark*, No. 09-cr-10067 (C.D. Ill. Jan. 7, 2010), ECF No. 85.

Petitioner subsequently filed a § 2255 Motion, alleging that his prior Illinois conviction for possession of cocaine was not a "felony drug offense," that his sentence was improperly enhanced, and that his trial and appellate counsel provided ineffective assistance by failing to raise this issue at sentencing or on direct appeal. (Doc. 1 at 17).

## DISCUSSION

A sentence may be vacated, set aside, or corrected pursuant to § 2255 if the sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Thus, § 2255 is limited to correcting errors of a constitutional or jurisdictional magnitude or errors constituting a fundamental defect that results in a complete miscarriage of justice. *E.g., Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).

"A § 2255 motion is not a substitute for a direct appeal." *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003). Where a petitioner fails to appeal his sentence, his claims in a § 2255 motion may be procedurally barred. Constitutional issues are barred unless the petitioner can show good cause for and prejudice from the failure to appeal the issue, or if refusal to hear the issue would result in a fundamental miscarriage of justice. *See Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). An ineffective assistance of counsel claim, however, may be raised in a § 2255 motion regardless of whether it could have been raised on appeal and is not subject to procedural default analysis. *Massaro v. United States*, 538 U.S. 500, 504 (2003). As Petitioner solely raises a claim of ineffective assistance of counsel, it is not procedurally barred.

Because there is a strong presumption that counsel is effective, however, to succeed on a claim for ineffective assistance of counsel, Petitioner must show both that his counsel's performance was deficient and that he was prejudiced by the deficiency such that the result would have been different without the error. *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984); *see also, e.g., Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000). While Petitioner must satisfy both prongs to succeed on his claim, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697. Rather, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

4

Petitioner asserts that he received ineffective assistance of counsel at the sentencing and appellate phases because his counsel failed to "(1) object to the 21 U.S.C. § 851 information and the application of the enhance [sic] penalty of 21 U.S.C. § 841(b)(1)(a) and or (2) argue on appeal that the prior Illinois drug conviction did not qualify as a prior felony drug offense under 21 U.S.C. § 802(44)." (Doc. 1 at 17). As the Court has determined that the result of the proceeding would not have been different regardless of any alleged deficiencies on the part of his counsel, it will direct its analysis to the prejudice prong.

The Court imposed an enhanced sentence under § 841(b)(1)(A) on the basis that Petitioner had a prior state felony drug offense. "The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Petitioner argues that his prior conviction does not qualify as a "felony drug offense" under 21 U.S.C. §802(44), because "the state court was instructed to impose a sentence no greater than 30 months of probation," and thus, he could not have been punished by imprisonment for more than one year. (Doc. 1 at 18-19). Petitioner relies heavily on the Supreme Court's precedent in *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010), to support his argument. The Court, however, rejects Petitioner's argument for a number of reasons.

First, Petitioner's assertion that "[t]he only statutory discretion granted to sentencing courts [under 720 Ill. Comp. Stat. 570/410] was to impose a sentence of

5

probation up to 30 months" is simply mistaken. The statute provides that a court *may* sentence a defendant to probation, but allows it the discretion to sentence a defendant otherwise. 720 Ill. Comp. Stat. 570/410(a). Moreover, Petitioner's "argument is frivolous because a drug offense need only be punishable by imprisonment for more than one year to qualify as a felony . . . and a sentence of probation does not affect that classification." *United States v. Stokes*, 351 F. App'x 115, 116 (7th Cir. 2009); *see also Burgess v. United States*, 553 U.S. 124, 129-30 (2008) ("When a statute includes an explicit definition, we must follow that definition," and to follow that definition, a court must "exclude[] any meaning that is not stated." (citations omitted)). While Petitioner consistently refers to the limiting nature of 720 Ill. Comp. Stat. 570/410 and alleges that "he could not have been sentenced to more than 30 months of probation," he offers no facts to support this assertion. (Doc. 6 at 3). Rather, Petitioner relies on the Supreme Court's holding in *Carachuri-Rosendo* to propose that his case should be remanded for further consideration because other cases with "similar arguments" were also remanded. (Doc. 1 at 23). The Court has reviewed these other cases and will refer primarily to one decision from the Eighth Circuit that it finds truly analogous for comparison. *See United States v. Haltiwanger*, 637 F.3d 881 (8th Cir. 2011).

In *Haltiwanger*, a defendant was found guilty of violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and the district court sentenced him to an enhanced sentence of twenty years in prison, based on what it deemed a prior felony drug offense for failure to affix a drug tax stamp. *Id.* at 882. The defendant appealed the enhanced sentence, arguing that "his tax stamp conviction is not a felony drug

offense because he could not have been sentenced to more than seven months of imprisonment under the Kansas Sentencing Guidelines." *Id.* The Eighth Circuit affirmed the sentence, but the Supreme Court granted Petitioner's petition for writ of certiorari, vacated the appellate court judgment, and remanded the case for further consideration in light of its holding in *Carachuri-Rosendo*. *Id.*

On remand, the Eighth Circuit reversed the defendant's sentence, applying the principles it found relevant from *Carachuri-Rosendo*, namely, "the Supreme Court's explanation of the importance the presence of an *actual* recidivism enhancement in a particular case plays in determining the maximum term of imprisonment."[2] *Id.* at 883-84. The Eighth Circuit further explained that "an actual recidivist finding-rather than the mere possibility of a recidivist finding-must be part of a particular defendant's record of conviction for the conviction to qualify as a felony." *Id.* at 884. In analyzing the case before it, the appellate court considered the defendant's personal criminal history and found that there was no actual recidivist finding in the his record of conviction, because his criminal history under the Kansas sentencing structure would have only exposed him to a maximum sentence of seven months of imprisonment. *Id.* The court came to this conclusion based on two factors: 1) defendant's status as a nonrecidivist with a criminal history category of I under the Kansas sentencing structure, and; 2) the tax stamp offense's classification as a level 10 felony, which could "trigger a sentence in excess of twelve months only for recidivists with three or more felonies involving offenses against persons." *Id.* at 882, 884. Thus, the appellate court concluded that the "hypothetical

---

[2] Circuit Judge Beam dissented, finding that the Eighth Circuit's original judgment "is not affected by *Carachuri-Rosendo*." *Haltiwanger*, 637 F.3d 881 at 884.

7

possibility that some recidivist defendants could have faced a sentence of more than one year is not enough to qualify [defendant's] conviction as a felony under 21 U.S.C. § 841(b)(1)," and reversed the defendant's sentence accordingly. *Id.*

Unlike the defendant in *Haltiwanger*, however, Petitioner was a defendant who could, and did, face a sentence of more than one year; the fact that the state court chose to use its discretion to impose a more lenient sentence of probation is irrelevant. In *Haltiwanger*, the offense itself carried a limitation that could only trigger a sentence of twelve months or more in certain limited circumstances. *See also United States v. Simmons*, 649 F.3d 237, 240-41 (vacating and remanding a defendant's enhanced sentence based on a prior Class I felony that could only have exceeded twelve months' imprisonment if it satisfied certain conditions). Here, however, Petitioner's prior conviction did not carry such a limitation, as it is a Class 4 felony directly punishable by "a determinate sentence of not less than one year and not more than 3 years." 720 Ill. Comp. Stat. 570/402(c); 730 Ill. Comp. Stat. 5/5-4.5-45(a). *Cf. Carachuri-Rosendo*, 130 S. Ct. at 2585 (rejecting an aggravated felony classification for two prior state *misdemeanor* convictions that could have been classified as an aggravated felony under the Immigration and Nationality Act.)

Petitioner repeatedly asserts that regardless of the general sentence that 720 Ill. Comp. Stat. 570/420 imposes, because of 720 Ill. Comp. Stat. 570/410, he still "could not have been sentenced to more than 30 months of probation" and that "the sentencing statute did not permit a sentence 'punishable by imprisonment for more than one year.'" (Doc. 6 at 3); (Doc. 1 at 19). The Court, however, disagrees. As stated before, the sentencing statute itself carries no such language or limitation;

8

Petitioner could have been sentenced to a term of imprisonment, but the state court chose to exercise its discretion to sentence him to probation instead; unlike the defendant in *Haltiwanger*, Petitioner did not offer any additional facts particular to his personal criminal history that give any indication that he could not have been sentenced for one year or more. Thus, alleging that his "prior Illinois conviction does not qualify as a felony drug offense given [Petitioner's] first-time offender status and that the Illinois sentencing statute mandates a sentence of probation" is simply mistaken. (Doc. 1 at 26). The state court's decision to use its discretion under 720 Ill. Comp. Stat. 570/410 did not change its ability to sentence Petitioner to a term of imprisonment. Furthermore, because the Court finds that Petitioner would have been properly sentenced with the enhancement regardless of whether his sentencing or appellate counsel raised the issue, it does not find that Petitioner would have been prejudiced either way, and thus rejects his ineffective assistance of counsel claim.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, the Court "must issue or deny a certificate of appealability when it enters an order adverse to the applicant." A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If the district court denies the certificate, a petitioner may

request that a circuit judge issue one. Fed. R. App. P. 22(b)(1). Based upon the record before it, the Court cannot find that reasonable jurists would debate that Petitioner's ineffective assistance of counsel claim is without merit. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

IT IS THEREFORE ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is DENIED, and the Court DECLINES to issue a certificate of appealability.

CASE TERMINATED.

Entered this <u>17th</u> day of June, 2013.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
