UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KENNETH CLARK, | ) |
|  | ) |
|    Petitioner, | ) |
|  | ) |
|    v. | )   Case No.   13-cv-1026 |
|  | ) |
| UNITED STATES OF AMERICA, | ) |
|  | ) |
|    Respondent. | ) |

## O R D E R   &   O P I N I O N

This matter is before the Court on Petitioner's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (Doc. 9). Petitioner seeks modification of the judgment entered pursuant to the Court's Order and Opinion (Doc. 7) denying Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). For the reasons stated below, Petitioner's Rule 59(e) Motion is denied.

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant clearly establishes that the court made a manifest error of law or fact, or presents newly discovered evidence. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). A manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted). A movant may not advance in a Rule 59(e) motion arguments he should have raised before judgment was entered. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007).

Petitioner points to a perceived manifest error of law in the Court's conclusion that Illinois state law applicable to Petitioner allowed for a sentence in excess of one year of incarceration. He also discusses a case cited in his Reply and argues it requires modification of the Court's Order.

Petitioner's Motion must be denied. Most importantly, he raises no new ground that justifies relief. He has previously made all of these arguments before, and they were all found to be without merit. Additionally, there was no error of law by the Court, much less a manifest error.

As explained in the Court's previous Order, Petitioner's state drug conviction from 1990 qualified as a prior felony drug offense. Under 21 U.S.C. § 841(b)(1)(A), a prior conviction for a felony drug offense increases the minimum sentence for Petitioner's federal offense. A felony drug offense is one that is punishable by imprisonment for more than one year. 21 U.S.C. § 802(44). Petitioner maintains that 720 Ill. Comp. Stat. 570/410 required that the state court sentence him to probation rather than incarceration, and thus his offense was not punishable by more than one year of imprisonment. However, the statute of conviction for Petitioner's state offense specifies it is a Class 4 felony, which is punishable by a sentence of incarceration between one and three years. 720 Ill. Comp. Stat. 570/402(c); 730 Ill. Comp. Stat. 5/5-4.5-45(a). The separate statutory provision that Petitioner cites allows a judge to impose a sentence of only probation for first-time offenders, but there is nothing in the provision that indicates it is mandatory for any offenders who qualify. Rather, it says the court "*may* sentence him or her to probation." 720 Ill. Comp. Stat. 570/410 (emphasis added). This clearly indicates it

is an option for the sentencing judge, not a mandate. Thus, Plaintiff's offense was still a prior conviction for a felony drug offense for sentencing purposes because it was punishable by more than a year in prison. Petitioner's counsel was not ineffective for failing to raise this clearly meritless argument. Additionally, the Court still does not find a certificate of appealability is appropriate, as reasonable jurists would not debate this result.

Further, the case Petitioner cites as "factual support" for his argument, *Munoz-Pacheco v. Holder*, 673 F.3d 741 (7th Cir. 2012), is not applicable. First, it is not new material that would justify amending the judgment, nor is it factual support. Second, it is not controlling on the issue before the Court. It discusses immigration law and aggravated felonies, and does not involve any of the statutes relevant to Petitioner's case. This argument fails.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (Doc. 9) is DENIED.

Entered this 4th day of February, 2014.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
